FILED

NOT FOR PUBLICATION

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAZ ESPANO MAGALLANES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-72586

Agency No. A200-976-701

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Paz Espano Magallanes, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo claims of due process violations, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Magallanes alleged past persecution and a fear of future persecution at the hands of Felix Elivera. Substantial evidence supports the agency's adverse credibility determination based on Magallanes' conviction of a crime involving fraudulent behavior, *see Unuakhaulu v. Gonzales*, 416 F.3d 931, 938-39 (9th Cir. 2005) (criminal conviction involving fraud undermined credibility), and based on Magallanes' three trips from the Philippines to the United States over 18 years, *see Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008) (voluntary return to country of alleged persecution undermined credibility). Magallanes' explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Magallanes' withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Magallanes' CAT claim also fails because it is based on the same underlying events that the agency found not credible, and she does not point to any other

evidence in the record that compels the finding it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in the Philippines. *See id.* at 1156-57.

Finally, we reject Magallanes' contention that the IJ violated her due process rights by not providing her attorney an opportunity to make an opening statement or a closing argument, because her attorney never requested it, and she fails to show how the absence of these arguments prejudiced her case. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on a due process claim). Thus, Magallanes' due process claim fails.

**PETITION FOR REVIEW DENIED.**